FILED-COMMON PLEAS
2015 DEC -9 PM 2:06
CLINTON COUNTY CLERK

IN THE COMMON PLEAS COURT OF CLINTON COUNTY OHIO
CIVIL DIVISION

CVH20150477

Linda Vantress
1308 Easy Street
Wilmington, Ohio 45177

    Plaintiff,

-vs-

Alkermes
265 Olinger Circle
Wilmington, OH 45177

    Defendant.

**Complaint With Jury Demand**

Now comes Plaintiff Linda Vantress (hereinafter "Plaintiff"), by and through counsel, and hereby alleges as follows:

### The Parties

1. Plaintiff is a resident of Clinton County and at all times relevant hereto was an employee of Alkermes (hereinafter "Defendant") and was an employee as that term is defined under Ohio Revised Code §4112.01(A)(3).

2. Defendant is an Ohio corporation located in, and doing business in, Clinton County, Ohio. At all times material hereto, Defendant was Plaintiff's employer and was an employer as that term is defined under Ohio Revised Code §4112.01(A)(2). At all times material hereto, Defendant acted by and through its agents, employees and management.

### Jurisdiction and Venue

3. The Clinton County Common Pleas Court has jurisdiction to hear this case pursuant to Ohio Revised Code §2305 et seq. and 4112 et seq. Venue in this court is also proper because Defendant's place of business is located, and a substantial portion of the events forming the basis of this Complaint occurred, in Clinton County, Ohio.

1

## Factual Allegations

4. Plaintiff was born on October 14, 1955.

5. Plaintiff began her employment with Defendant in 2009 as a temporary employee.

6. In 2010 Plaintiff was hired full time with Defendant as a vial inspector.

7. Plaintiff worked on 2nd shift until May 2015 earning $19.45 an hour. In May 2015 she was involuntarily moved to 1st shift where she earned $16.45 an hour.

8. From the start of her employment until February 2015, Plaintiff received no negative job reviews.

9. During her employment, Plaintiff and other employees were timed with respect to the completion of their job duties. Plaintiff's supervisor Don Elkins made ageist comments to Plaintiff and others including but not limited to: "you get slow when you're old"; "you're slow because you're old"; responding "It must be an age thing" when Plaintiff stated she need her glasses to see the screen; "you need glasses because you're old"; "I want college educated workers"; etc.

10. Prior to Plaintiff's termination at least three other employees over the age of forty were fired and replaced by younger employees.

11. Plaintiff was replaced by Cassie Wolf who is approximately 31 years of age and has a college degree.

12. Similarly situated employees who were substantially younger than Plaintiff made similar mistakes as Plaintiff is alleged to have made, but were not disciplined or terminated like Plaintiff.

13. In the Spring of 2015 Plaintiff was interviewed as part of an investigation into an allegation of sexual harassment made by a co-worker against a male employee. Plaintiff assisted and participated in the investigation. During her interview and participation, confirmed allegations and also complained that the male employee had sexually harassed her too.

14. The male employee mentioned in paragraph 13 is friends with Don Elkins.

15. Plaintiff was involuntarily moved to 1st shift a few weeks after she was interviewed about the sexual harassment allegation.

16. On June 11, 2015 Plaintiff was fired for work performance.

2

## Count 1
### Age Discrimination - Termination
### Ohio Revised Code §§4112.02(N), 4112.14 and 4112.99

17. All paragraphs are incorporated herein as if fully restated.

18. Plaintiff was over 40 years old when she was terminated. Plaintiff was replaced by, and/or her termination permitted the retention of, a substantially younger employee.

19. At least one similarly situated employee outside Plaintiff's protected class engaged in substantially similar conduct as Plaintiff but was not fired.

20. Plaintiff's age was the "but for" cause of her termination, her age has a causal connection to her termination, and/or her age was a motivating factor in the decision to terminate her.

21. Any alleged reason for Defendants' termination of Plaintiff is a pretext for discrimination inasmuch as the reason had no basis in fact, was insufficient to warrant termination and/or was not the motivation for her discharge.

22. As a result of Defendant's discrimination, Plaintiff has suffered economic and emotional damages and injury.

## Count 2
### Retaliation
### O.R.C. §4112.02(I)

23. All paragraphs are incorporated herein as if fully restated.

24. Before she was fired, Plaintiff testified, assisted, and/or participated in a sexual harassment investigation and complained about sexual harassment by a male employee.

25. Plaintiff was fired because she testified, assisted and/or participated in the sexual harassment investigation and/or because she complained about sexual harassment. Plaintiff's testimony, assistance, participation and/or complaint was a motivating factor in the decision to terminate her.

26. The reasons for Plaintiff's termination are a pretext for discrimination inasmuch that the reasons have no basis in fact, were not sufficient to warrant termination and/or did not actually motivate the reasons for discharge.

27. As a result of Defendant's actions, Plaintiff has suffered economic and emotional damages.

## Count 3
### Intentional and/or Reckless Infliction of Emotional Distress

28. All paragraphs are incorporated herein as if fully restated.

29. Defendant, by and through its agents and employees, intentionally and/or recklessly caused Plaintiff to suffer serious emotional distress.

30. Defendant's actions and conduct were extreme and outrageous.

31. Defendant's actions and conduct was the proximate cause of Plaintiff's serious emotional distress.

32. As a result of Defendant's actions and conduct, Plaintiff suffered mental anguish so severe and debilitating that a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.

33. As a result of Defendant's actions and conduct, Plaintiff has experienced serious depression, anxiety, sleeplessness, etc.

### Prayer For Relief

WHEREFORE, Plaintiff requests the court issue an order as follows:

A) Finding Defendant liable for all counts listed above;

B) Ordering Defendant to reinstate Plaintiff to her former position with full back pay, restoration of all benefits, liquidated damages (29 U.S.C. § 626(b)) and attorney fees, or not reinstate Plaintiff but be liable to pay Plaintiff her lost wages, front wages, lost benefits, compensatory damages for her emotional injury, liquidated damages (29 U.S.C. § 626(b)), punitive damages, attorney fees and costs in an amount exceeding $25,000;

C) Ordering any other equitable and legal relief under Ohio common law, Ohio Revised Code §§4112.02(N), 4112.02(I), 4112.14, and/or 4112.99;

D) Award pre- and post-judgment interest; and

E) Ordering Defendant to pay Plaintiff all her attorney fees and costs.

Respectfully submitted,

*/s/ Lucas Wilder*

Lucas Wilder (0074057)
Law Office of Lucas Wilder
120 West Second Street, Suite 400
Dayton, Ohio 45402
937.232.6250 phone
937.222.8044 fax
Lucaswilder44@gmail.com
www.lucaswilder.org

## Jury Demand

Plaintiff hereby demands a jury trial on all triable issues.

*/s/ Lucas Wilder*

Lucas Wilder (0074057)