IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRCIT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Linda Vantress<br>1308 Easy Street<br>Wilmington, Ohio 45177 | * * * * | Case No. 1:16 CV 239<br><br>JUDGE BECKWITH |
| Plaintiff, | * * | |
| -vs- | * * | |
| Alkermes<br>265 Olinger Circle<br>Wilmington, OH 45177 | * * * * | <u>First Amended</u><br><u>Complaint With Jury Demand</u> |
| Defendant. | * | |

Now comes Plaintiff Linda Vantress (hereinafter "Plaintiff"), by and through counsel, and hereby alleges as follows:

<u>The Parties</u>

1. Plaintiff is a resident of Clinton County and at all times relevant hereto was an employee of Alkermes (hereinafter "Defendant") and was an employee as that term is defined under Ohio Revised Code §4112.01(A)(3) and 29 USC §630 et seq.

2. Defendant is an Ohio corporation located in, and doing business in, Clinton County, Ohio. At all times material hereto, Defendant was Plaintiff's employer and was an employer as that term is defined under Ohio Revised Code §4112.01(A)(2) and the Age Discrimination In Employment Act ("ADEA") 29 U.S.C. §630 et seq. At all times material hereto, Defendant acted by and through its agents, employees and management.

<u>Jurisdiction and Venue</u>

3. The United States District Court for the Southern District of Ohio Western Division has jurisdiction to hear this case and venue in this court is also proper because

1

Defendant's place of business is located, and a substantial portion of the events forming the basis of this Complaint occurred, in Clinton County, Ohio.

## Factual Allegations

4. Plaintiff was born on October 14, 1955.

5. Plaintiff began her employment with Defendant in 2009 as a temporary employee.

6. In 2010 Plaintiff was hired full time with Defendant as a vial inspector.

7. Plaintiff worked on 2nd shift until May 2015 earning $19.45 an hour. In May 2015 she was involuntarily moved to 1st shift where she earned $16.45 an hour.

8. From the start of her employment until February 2015, Plaintiff received no negative job reviews.

9. During her employment, Plaintiff and other employees were timed with respect to the completion of their job duties. Plaintiff's supervisor Don Elkins made ageist comments to Plaintiff and others including but not limited to: "you get slow when you're old"; "you're slow because you're old"; responding "It must be an age thing" when Plaintiff stated she need her glasses to see the screen; "you need glasses because you're old"; "I want college educated workers"; etc.

10. Prior to Plaintiff's termination at least three other employees over the age of forty were fired and replaced by younger employees.

11. Plaintiff was replaced by Cassie Wolf who is approximately 31 years of age and has a college degree.

12. Similarly situated employees who were substantially younger than Plaintiff made similar mistakes as Plaintiff is alleged to have made, but were not disciplined or terminated like Plaintiff.

13. In the Spring of 2015 Plaintiff was interviewed as part of an investigation into an allegation of sexual harassment made by a co-worker against a male employee. Plaintiff assisted and participated in the investigation. During her interview and participation, confirmed allegations and also complained that the male employee had sexually harassed her too.

14. The male employee mentioned in paragraph 13 is friends with Don Elkins.

15. Plaintiff was involuntarily moved to 1st shift a few weeks after she was interviewed about the sexual harassment allegation.

16. On June 11, 2015 Plaintiff was fired for work performance.

Count 1
Age Discrimination - Termination
Ohio Revised Code §§4112.02(N), 4112.14 and 4112.99
29 U.S.C. §621 et seq. (ADEA)
** Attached hereto is Plaintiff's Right To Sue letter from the EEOC **

17. All paragraphs are incorporated herein as if fully restated.

18. Plaintiff was over 40 years old when she was terminated. Plaintiff was replaced by, and/or her termination permitted the retention of, a substantially younger employee.

19. At least one similarly situated employee outside Plaintiff's protected class engaged in substantially similar conduct as Plaintiff but was not fired.

20. Plaintiff's age was the "but for" cause of her termination, her age has a causal connection to her termination, and/or her age was a motivating factor in the decision to terminate her.

21. Any alleged reason for Defendants' termination of Plaintiff is a pretext for discrimination inasmuch as the reason had no basis in fact, was insufficient to warrant termination and/or was not the motivation for her discharge.

22. As a result of Defendant's discrimination, Plaintiff has suffered economic and emotional damages and injury.

Count 2
Retaliation
O.R.C. §4112.02(I)
29 U.S.C. §621 et seq. (ADEA)

23. All paragraphs are incorporated herein as if fully restated.

24. Before she was fired, Plaintiff testified, assisted, and/or participated in a sexual harassment investigation and complained about sexual harassment by a male employee.

25. Plaintiff was fired because she testified, assisted and/or participated in the sexual harassment investigation and/or because she complained about sexual harassment. Plaintiff's testimony, assistance, participation and/or complaint was a motivating factor in the decision to terminate her.

3

26. The reasons for Plaintiff's termination are a pretext for discrimination inasmuch that the reasons have no basis in fact, were not sufficient to warrant termination and/or did not actually motivate the reasons for discharge.

27. As a result of Defendant's actions, Plaintiff has suffered economic and emotional damages.

## Count 3
### Intentional and/or Reckless Infliction of Emotional Distress

28. All paragraphs are incorporated herein as if fully restated.

29. Defendant, by and through its agents and employees, intentionally and/or recklessly caused Plaintiff to suffer serious emotional distress.

30. Defendant's actions and conduct were extreme and outrageous.

31. Defendant's actions and conduct was the proximate cause of Plaintiff's serious emotional distress.

32. As a result of Defendant's actions and conduct, Plaintiff suffered mental anguish so severe and debilitating that a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.

33. As a result of Defendant's actions and conduct, Plaintiff has experienced serious depression, anxiety, sleeplessness, etc.

### Prayer For Relief

WHEREFORE, Plaintiff requests the court issue an order as follows:

A) Finding Defendant liable for all counts listed above;

B) Ordering Defendant to reinstate Plaintiff to her former position with full back pay, restoration of all benefits, liquidated damages (29 U.S.C. § 626(b)) and attorney fees, or not reinstate Plaintiff but be liable to pay Plaintiff her lost wages, front wages, lost benefits, compensatory damages for her emotional injury, liquidated damages (29 U.S.C. § 626(b)), punitive damages, attorney fees and costs in an amount exceeding $25,000;

C) Ordering any other equitable and legal relief under Ohio common law, Ohio Revised Code §§4112.02(N), 4112.02(I), 4112.14, 4112.99 and/or the ADEA;

4

D)    Award pre- and post-judgment interest; and

E)    Ordering Defendant to pay Plaintiff all her attorney fees and costs.

Respectfully submitted,

s/ Lucas Wilder (0074057)
Law Office of Lucas Wilder
120 West Second Street, Suite 400
Dayton, Ohio 45402
937.232.6250 phone
937.222.8044 fax
Lucaswilder44@gmail.com
www.lucaswilder.org

## Jury Demand

Plaintiff hereby demands a jury trial on all triable issues.

s/ Lucas Wilder (0074057)

EEOC Form 161 (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ms. Linda Vantress<br>1308 Easy Street<br>Wilmington, OH 45177 | From: | Cincinnati Area Office<br>John W. Peck Fed. Bldg<br>550 Main St Room 10-019<br>Cincinnati, OH 45202 |

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 473-2016-00227 | Derwin E. Jamison,<br>Investigator | (513) 684-2844 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other (briefly state)   **The case will be decided in a Court of competent jurisdiction.**

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]* Melanie Breen                     FEB 1 1 2016

Enclosures(s)            Melanie L. Breen,                    *(Date Mailed)*
                         Area Office Director

cc   Mr. Chad J. Kaldor                    Mr. Lucas Wilder
     Attorney at Law                       Law Office of Lucas Wilder
     Littler Mendleson, PC                 120 West Second Street, Suite 400
     21 East State Street, 16th Floor      Dayton, OH 45402
     Columbus, OH 43215