IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **LINDA VANTRESS,** | : | |
| Plaintiff, | : | Case No. 1:16-cv-239 |
| v. | : | Judge Sandra S. Beckwith |
| **ALKERMES, INC.,** | : | Magistrate Judge Karen L. Litkovitz |
| Defendant. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

In answer to Plaintiff's First Amended Complaint (the "Complaint"), Alkermes, Inc. ("Defendant"), through its counsel, LITTLER MENDELSON, P.C., states as follows:

**The Parties**

1. Defendant admits the allegations in Paragraph 1.

2. Defendant admits that it does business in Clinton County, Ohio, that it was Plaintiff's employer, and that it acts through its authorized agents, employees, and managers. Defendant denies the remaining allegations in Paragraph 2.

**Jurisdiction and Venue**

3. Defendant admits the allegations in Paragraph 3.

**Factual Allegations**

4. Defendant admits the allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

6. Defendant admits the allegations in Paragraph 6.

7.     Defendant admits that Plaintiff worked on 2nd shift until May 2015, earning $19.45 per hour, and that she was then transferred to 1st shift. Defendant denies the remaining allegations in Paragraph 7.

8.     Defendant denies the allegations in Paragraph 8.

9.     Defendant denies the allegations in Paragraph 9.

10.    Because the allegations in Paragraph 10 lack specificity, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations.

11.    Defendant denies the allegations in Paragraph 11.

12.    Defendant denies the allegations in Paragraph 12.

13.    Defendant admits that in April 2015, Plaintiff was interviewed in connection with Defendant's investigation into a former co-worker's allegations of sexual harassment by a male employee and that Plaintiff confirmed some of the former co-worker's allegations. Defendant denies the remaining allegations in Paragraph 13.

14.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis denies those allegations.

15.    Defendant admits that Plaintiff was transferred to 1st shift in May 2015. Defendant denies the remaining allegations in Paragraph 15.

16.    Defendant admits the allegations in Paragraph 16.

## Count 1

17.    Defendant incorporates, by reference, its responses to Paragraphs 1 through 16.

18.    Defendant admits that Plaintiff was over 40 years old when Defendant terminated her employment. Defendant denies the remaining allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

## Count 2

23. Defendant incorporates, by reference, its responses to Paragraphs 1 through 22

24. Defendant admits that in April 2015, Plaintiff was interviewed in connection with Defendant's investigation into a former co-worker's allegations of sexual harassment by a male employee. Defendant denies the remaining allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

## Count 3

28. Defendant incorporates, by reference, its responses to Paragraphs 1 through 27.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies each and every allegation in the Complaint that it has not specifically admitted as true.

**Prayer for Relief**

In response to the "Prayer For Relief" following Paragraph 33, Defendant denies that Plaintiff is entitled to the relief sought in her First Amended Complaint, or to any relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant.

SECOND DEFENSE

To the extent Plaintiff failed to mitigate her damages, any damages that may be awarded to Plaintiff should be reduced accordingly.

THIRD DEFENSE

All actions of Defendant toward Plaintiff were taken for legitimate business considerations, in good faith, without willfulness or malice, and without any intent to injure or harm her.

FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, fraud, laches, and/or unclean hands.

FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation, and/or due to Plaintiff's failure to elect remedies under Ohio Rev. Code § 4112.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the employment actions about which Plaintiff complains regardless of Plaintiff's age or any alleged protected activity.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages she alleges she has suffered were caused by independent intervening, superseding causes, or by the actions of a third party, and not by Defendant.

### EIGHTH DEFENSE

Plaintiff's claims for liquidated damages, punitive damages, and attorney's fees are barred because Defendant did not engage in any conduct that would rise to the level required to sustain an award of such damages or fees.

### NINTH DEFENSE

Even assuming Plaintiff's allegations were sufficient to support an award of liquidated damages, punitive damages, and/or attorney's fees (and they are not), such an award would be precluded by Defendant's good faith efforts to comply with the law.

### TENTH DEFENSE

Any damages that may be awarded to Plaintiff must be limited by any caps or other limitations on damages under Ohio law and federal law.

Defendant reserves the right to assert additional defenses as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, having fully answered, Defendant requests that Plaintiff take nothing by her First Amended Complaint; that the First Amended Complaint be dismissed with prejudice and in its entirety; that judgment be entered against Plaintiff and in favor of Defendant for all costs and attorneys' fees incurred by Defendant in defending this action; and that Defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ David A. Kadela
David A. Kadela, *Trial Attorney* (#0036863)
Chad J. Kaldor, *Of Counsel* (#0079957)
LITTLER MENDELSON, P.C.
21 East State Street, 16th Floor
Columbus, OH 43215
Telephone: 614.463.4201
Facsimile: 614.221.3301
E-mail: dkadela@littler.com
ckaldor@littler.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing *Defendant's Answer to Plaintiff's First Amended Complaint* has been filed via the electronic filing system on April 22, 2016.  Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.

/s/ David A. Kadela
David A. Kadela

Firmwide:138122393.3 049234.1019
4/22/16